19-2362
Karim v. Garland

BIA
Wright, IJ
A206 476 009

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand twenty-two.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

FAZLUL KARIM,
> *Petitioner*,

    v.                                            19-2362
                                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:** Yoram Nachimovsky, Esq., New York, NY.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fazlul Karim, a native and citizen of Bangladesh, seeks review of a July 2, 2019 decision of the BIA affirming a January 10, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fazlul Karim*, No. A206 476 009 (B.I.A. July 2, 2019), *aff'g* No. A206 476 009 (Immig. Ct. N.Y. City Jan. 10, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and the IJ's decisions, including the portions of the IJ's decision not explicitly addressed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67,

2

76 (2d Cir. 2018), and treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "The scope of review under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

The agency denied relief on the basis of an adverse credibility finding. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia*

3

*Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on Karim's inconsistent accounts of alleged past persecution at the hands of the Awami League ("AL") due to his membership in the Bangladesh Nationalist Party ("BNP"). Karim's oral testimony during the removal hearing did not match his written statements concerning several incidents, including: whether AL members threatened him before or after breaking items in his store in the first incident; whether they physically injured him in the second incident and when that altercation occurred; and how he came to be injured in the third incident. Taken together, these inconsistencies provide substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [the] story that served as an example of the very persecution from which [Petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks omitted)); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Although Karim stated that he forgot to mention the assault that occurred during the second incident in his written statement, the agency was not required to accept Karim's explanation

4

because the written statement affirmatively stated that he was not harmed. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The IJ's demeanor finding further bolstered the adverse credibility determination. Karim was vague and unresponsive when asked how many BNP meetings he attended and how many members were in his union. CAR at 119–23. And this Court affords "particular deference to [an IJ's] credibility findings based on demeanor." *Karaj v. Gonzales*, 462 F.3d 113, 116 (2d Cir. 2006) (internal citations omitted)).

The agency also reasonably relied on Karim's failure to rehabilitate his testimony with corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *Zou v. Garland*, No. 19-2003, 2021 WL 4097775, at *1 (2d Cir. Sept. 9, 2021) ("Even absent an adverse credibility determination, a lack of corroboration

may be an independent basis for the denial of relief."). Karim did not corroborate that he was physically harmed by AL members. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ"). And we defer to the agency's decision not to give weight to letters from Karim's family and friends, a non-contemporaneous medical record, and an unauthenticated and expired license. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Finally, we reject Karim's due process argument as the record does not compellingly suggest the agency overlooked or ignored evidence. *See Xiao Ji Chen v. U.S.Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("We presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) ("[W]e do not demand that the [agency] expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (internal citations and quotation marks omitted)). Moreover, the letter from the

BNP and the country conditions evidence introduced by Karim do not resolve the inconsistencies in Karim's written and oral accounts of persecution.

Absent credible testimony or reliable corroboration, the agency did not err in concluding that Karim could not meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). This determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7